{¶ 22} I respectfully dissent from the majority's decision because I would affirm the trial court's finding that the State failed to prove by clear and convincing evidence that Nash is a sexual predator.
 {¶ 23} The majority reviewed the sexual predator classification under a manifest weight standard. In State v. Eppinger (2001),91 Ohio St.3d 158, 163, the Ohio Supreme Court held that in order for an offender to be designated a sexual predator, the State must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in one or more sexually oriented offenses in the future. Eppinger, supra, citing R.C. 2950.01(E) and 2950.09(B)(3). Clear and convincing evidence is the measure or degree of proof which produces in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Id. at 164. In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy this degree of proof. Id.
 {¶ 24} Further, "an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial court judge." State v. Schiebel (1990),55 Ohio St.3d 71, 74, citing Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273.
 {¶ 25} Here, as noted by the majority, because Nash pled guilty to five counts of unlawful sexual conduct with a minor, the State has established by clear and convincing evidence that Nash has been convicted of a sexually oriented offense. However, I disagree with the majority's conclusion that the State presented sufficient evidence to prove that Nash is likely to engage in one or more sexually oriented offenses in the future.
 {¶ 26} It is undisputed that Nash had no prior criminal record. Although there was approximately a twenty-year age difference between Nash and the victim, there was only one victim in the instant case. There was no allegation or evidence that Nash used violence, drugs, or alcohol to impair the victim. Rather, it is undisputed that the victim "consented" to the sexual relations, as much as a 13-year-old is capable of consent.
 {¶ 27} There also was no evidence that Nash engaged in a pattern of abuse or displayed cruelty toward the victim. Although Nash claimed that his alcohol abuse impaired his judgment and contributed to his commission of these crimes, evidence was presented that he regularly attended AA meetings during the months before his hearing and that he had an AA sponsor.
 {¶ 28} Moreover, the court's psychiatric expert, Dr. Michael Aronoff, who evaluated Nash, testified that the results of the Static-99 and ABLE assessment indicated that Nash posed a low risk of reoffending. Although Dr. Aronoff described other factors that suggested a possible risk of reoffending, including Nash's relationship with Fleischer, he concluded that Nash posed a 6 percent risk of reoffending over the next five years and a 7 percent risk over the next ten to fifteen years. Therefore, I would find the trial court's decision is supported by competent credible evidence and I would affirm the trial court's refusal to classify Nash as a sexual predator.
 {¶ 29} Accordingly, I respectfully dissent.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellee recover of said appellant costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.